**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GEORGE HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GREAT SOUTHERN BANK, and )<br>PROCTOR FINANCIAL, INC., )<br>)<br>Defendants. )<br>) | Case No. 09-2600-CM |

## MEMORANDUM AND ORDER

This diversity action is before the court on defendant Great Southern Bank's ("GSB") motion for judgment on the pleadings (Doc. 35). GSB is a mortgagee on real estate purchased by plaintiff George Hall. GSB, or its predecessor in interest, placed insurance on the property through defendant Proctor Financial, Inc. ("Proctor"). In 2009, plaintiff's property was damaged by a storm. GSB made a claim for the damage on the property insurance and received payment on the claim. Based on these factual allegations, plaintiff alleges (1) GSB converted the money received on the insurance policy; (2) GSB breached a fiduciary obligation to plaintiff; (3) GSB breached a contractual obligation to plaintiff; (4) defendants interfered with plaintiff's contractual and business rights; and (5) defendants conspired to deprive plaintiff of any benefit from the insurance and insurance proceeds. Defendant GSB seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint must

present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 8(a). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

To properly assert his claims, plaintiff must allege facts supporting the elements of each claim. Plaintiff sets forth minimal facts in his complaint. Upon review of the pleadings, the court finds that plaintiff's complaint is insufficient to allege claims against GSB for tortious interference with a contract, conversion, breach of contract, and civil conspiracy. Plaintiff's complaint is, however, sufficient to allege a claim for breach of fiduciary duty against GSB.

Plaintiff's complaint does not allege facts to in support of the five elements of a tortious interference with a contract claim, which are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting there from. *Diederich v. Yarnevich*, 196 P.3d 411, 418 (Kan. Ct. App. 2008) (citing *Burcham v. Unison Bancorp, Inc.,* 77 P.3d 130, 151 (Kan. 2003)). Plaintiff has not specifically identified the contract, or contracts, he is claiming defendants interfered with. Presumably there is an insurance contract involved in plaintiff's claims; however, plaintiff does not identify the contract, the parties to

the contract, or plaintiff's relationship to the contract. Further, plaintiff has not explained how either defendant procured the contract's breach or the absence of justification.

Plaintiff has also failed to state a claim for conversion. "[C]onversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." *IBD, Inc. v. Enter. Bus. Solutions, LLC*, No. 99,201, 2009 WL 929072, at *4−5, *9 (Kan. Ct. App. Apr. 3, 2009). Plaintiff has not alleged that he was entitled to the proceeds of the insurance claim to the exclusion of GSB, that GSB was not entitled to the proceeds, or that GSB failed to credit the insurance proceeds to plaintiff's mortgage account.

Plaintiff's breach of contract claim also fails. Under Kansas law, a breach of contract requires (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach. *Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003). As mentioned above, plaintiff's complaint alludes to contracts regarding an insurance policy and a mortgage, but he does not specifically identify a contract GSB allegedly breached or that he is a party to a contract with GSB or a beneficiary of a contract under Kansas law.

Similarly, plaintiff has not alleged facts establishing the elements of his civil conspiracy claim, which are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Diederich*, 196 P.3d at 419 (citing *Stoldt v. City of Toronto*, 678 P.2d 153, 161 (1984)). "In order for civil conspiracy to lie, the claim must base itself on a valid, actionable underlying tort." *Meyer Land & Cattle Co. v. Lincoln Cnty. Conservation*, 31 P.3d 970, 976 (Kan. Ct. App. 2001). Here, plaintiff has not alleged sufficient facts to show an agreement between GSB and Protector or the

specific overt acts taken in furtherance of the conspiracy. Nor has he pleaded any facts to establish an underlying tort to support his civil conspiracy claim. The only remaining claim that could serve as the underlying tort of the conspiracy is plaintiff's breach of fiduciary duty claim. But plaintiff does not assert that GSB conspired with Proctor to establish a fiduciary relationship and then breach that duty.

Plaintiff's conclusory allegations, and lack of factual allegations, are insufficient to support his claims. Defendants are not required to guess what facts plaintiff relies on for his claims. *Cooper v. Old Dominion Freight Line*, No. 09-cv-2441-JAR, 2010 WL 2609385, at *2 (D. Kan. June 25, 2010) ("A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). To construe the claims plaintiff purports to allege, the court would have to fill large gaps in plaintiff's factual allegations. It is plaintiff's burden to set forth factual allegations to support these claims; he has not done so. Accordingly, these claims are dismissed without prejudice.[1]

Construing plaintiff's complaint liberally, the court finds that he has alleged facts sufficient to set forth a claim for breach of fiduciary duty against GSB. He alleges that (1) GSB "has taken the position of Team Bank with regard to a mortgage on plaintiff's real estate," (doc. 1, at 2), presumably meaning that GSB is the mortgagee; (2) GSB placed insurance on the property; (3) GSB charged plaintiff for the insurance; (4) GSB made a claim and received payment on the insurance; (5) GSB handled the claim without consulting plaintiff and deprived plaintiff of any information regarding the claim; and (6) plaintiff's house is inhabitable as a result of GSB's actions. Whether a fiduciary duty exists depends on the facts of the case. *See, e.g., Leathers v. Leathers*, No. 08-1213-WEB, 2010 WL 1936137, at * 12−13 (D. Kan. May 13, 2010) (discussing fiduciary relationships and recognizing that "some indicia of a fiduciary relationship include the acting of one party for another, the exercising of

---

[1] GSB requests that plaintiff's claims be dismissed with prejudice. Because the court is dismissing the claims for failure to allege factual allegations, and not on the merits, the claims are dismissed without prejudice.

influence by one party over another, the reposing of confidence by one party in another, the inequality of the parties, and the dependence of one party on another.") (quotation omitted). Plaintiff's factual allegations suggest that there may be a fiduciary relationship between GSB and plaintiff. Based on the pleadings, the court finds that plaintiff is entitled to offer evidence to support his breach of fiduciary duty claim against GSB.

**IT IS THEREFORE ORDERED** that the Motion of Great Southern Bank for Judgment on the Pleadings (Doc. 35) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Great Southern Bank for tortious interference with a contract, conversion, breach of contract, and civil conspiracy are dismissed without prejudice.

Dated this 3rd day of August, 2010 at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**