# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GREAT SOUTHERN BANK, and )<br>PROCTOR FINANCIAL, INC., )<br>)<br>Defendants. )<br>) | Case No. 09-2600-CM |

## MEMORANDUM AND ORDER

This is a case involving plaintiff George Hall's claims that defendant Great Southern Bank breached a contract and a fiduciary duty owed to him, and that defendant Proctor Financial, Inc. breached a contract. This matter is before the court on plaintiff's Motion to Dismiss (Doc. 76), which "moves the Court for its Order dismissing, without prejudice, plaintiff's claims against the separate defendant, Proctor Financial, Inc." Defendant Proctor does not object to the dismissal, but requests that the court dismiss the case with certain conditions. Plaintiff objects to the conditions.

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff can only voluntarily dismiss a case without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. This matter cannot be voluntarily dismissed under Rule 41(a)(1) because defendant Proctor has answered the complaint and the parties have not filed a joint stipulation of dismissal. Thus, the court will consider plaintiff's request to dismiss the lawsuit under Rule 41(a)(2).

Under Rule 41(a)(2), the court may allow a plaintiff to voluntarily dismiss an action "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Id.* (quotation omitted). When determining "legal prejudice" the court is obligated to consider the novelty of the circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court should consider relevant factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

The court may impose terms upon the dismissal of a claim, such as a requirement on the use of discovery or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). "'Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.'" *Id.* When the court decides to impose such terms, it must give the plaintiff an opportunity to withdraw its request for dismissal. *See id.*

After reviewing the record, the court cannot say that plaintiff's proposed voluntary dismissal is "[a]bsent 'legal prejudice' to the defendant." *Brown*, 413 F.3d at 1123. The parties have completed discovery and the court has entered the Pretrial Order. Further, defendant Proctor has not stipulated to the conditions of plaintiff's proposed dismissal. Defendant Proctor requests that the court grant plaintiff's motion for dismissal with the following conditions "to maintain the status quo and govern any potential future litigation between the parties arising out of the events described in the Pretrial Order

contentions": (1) all completed discovery in this case be maintained and usable in any future litigation; (2) such discovery not be repeatable unless the requesting party shows good cause to do so; (3) in the event that it becomes necessary to depose plaintiff again in any future litigation, any court reporting fees and expenses for such deposition be paid solely by plaintiff, in advance of the deposition; and (4) factual and evidentiary stipulations contained in the Pretrial Order (Doc. 65) in this case be preserved as a term of the requested dismissal for use in any future litigation. (Doc. 69, at 2.)

Plaintiff argues that the conditions will inappropriately bind entities not a part of this lawsuit and asserts that Great Southern Bank and plaintiff have entered into agreements regarding this lawsuit that defendant Proctor is not a party to, which will apparently be affected by the proposed conditions of dismissal.

At this late stage of the proceedings, any dismissal must recognize that the parties have completed discovery and that the Pretrial Order has been entered, but on the record before it, the court cannot determine the reasonableness of defendant Proctor's proposed conditions. Because this lawsuit involves more than plaintiff and defendant Proctor, the court is hesitant to place restrictions on future litigation that may involve other parties and other claims.

As the record does not support a dismissal as requested by plaintiff or the conditions requested by defendant Proctor, the court denies plaintiff's motion.

**IT IS THEREFORE ORDERED that plaintiff's Motion to Dismiss (Doc. 76) is denied.**

Dated this 28th day of October 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
